## MOOR v. SESSIONS & STERNS.

A condition that a man shall not be molested in his title to land, is to be construed to mean a legal molestation.

ACTION on a note for £20,000 dated the 11th of March, 1780.

Plea in bar — That said note hath conditions annexed to it, viz. that if the within-named Moor, be molested of said land he holds a deed of from said Sessions and Sterns, in Union, dated March 11th, A. D. 1780, then Sessions and Sterns to bear two-thirds of the cost; if he is never molested, then this note to be void, and that the plaintiff hath not been legally molested in the enjoyment of the lands contained in their deed.

The plaintiff replied — That he had been molested in the enjoyment of two pieces of land in said deed, in a twenty-

acre, and a forty-acre piece, of the value of £200, and had been deprived of them.

The defendants rejoined — That the plaintiff and the defendants purchased of William Burnet Brown, all the land he owned in Union, being about 2,000 acres, said two pieces mentioned in the plaintiff's reply having before been sold for the payment of taxes; did not pass from said Brown by his deed to them dated September A. D. 1779; and to make partition among themselves, the defendants by deed dated the 11th of March, A. D. 1780, did give, grant, and quitclaim to said Moor, all such right, title and interest or demand, that they had in and to six certain lots of land, which they said Moor, Sessions and Sterns lately purchased of William B. Brown, lying in said Union, and containing about 500 acres, and are lots No. 1, 2, 3, 15, and 26, called hatchet lot, and ninety acres bought of Stoughton, to have and to hold said quitclaimed premises; and covenanted that they were well seized of the premises, as a good indefeasible estate in fee-simple; and that they had good right to sell the same as aforesaid, and that the same was free and clear of all incumbrances; and thereupon say that the plaintiff ought to be barred without that, that the plaintiff has been legally molested in the enjoyment of said lands.

Plaintiff affirmed his reply.    Issue to the court.

Judgment — That the plaintiff hath not been molested in the enjoyment of said land, as the plaintiff in his sur-rejoinder hath alleged.    The covenants in the deed, are to be construed to extend only to the right, title and interest, the defendants had in the land.

In the case of Baldwin v. Leffingwell, adjudged March, Superior Court, Norwich, A. D. 1774, which was an action upon the covenants of seisin in a deed, the words of the deed were — all my land lying within the following metes and bounds, viz. describes the bounds; containing 100 acres more or less, covenanting that he was well seized of the said granted premises.    The defendant owned said 100 acres as tenant in common with Reed and Bushnel.

The question was upon the construction of the deed — Whether the words in the deed, all my land, etc. was to be understood, the whole of the land contained within said bounds; or only all the land or right the defendant owned within said boundaries; the court understood them in the latter sense, and judgment was for the defendant.

And it did not appear that the plaintiff had been evicted or anyway molested by any who had a legal title to said land, without which he could have no right to recover; for neither the words in the condition of the note, or in the covenants in the deed, can by any construction be extended to a tortious, and unlawful molesting of the plaintiff.